# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **KOSS CORPORATION,** | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 6:20-cv-00663** |
| | § | |
| **PLANTRONICS, INC. AND** | § | JURY TRIAL DEMANDED |
| **POLYCOM, INC.,** | § | |
| *Defendants.* | § | |

**DEFENDANTS' OPPOSED MOTION TO STAY, OR IN THE ALTERNATIVE, TO MODIFY CASE SCHEDULE, PENDING RESOLUTION OF DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

III. ARGUMENT............................................................................................................................3

    A. A stay is needed because Poly's motion to transfer, which is fully ripe, must take "top priority" before any substantive issues in the case are addressed. ............3

    B. All relevant factors favor granting a short stay pending the Court's resolution of Poly's fully-ripe motion to transfer. ...................................................5

        1. A short stay will not cause any prejudice to Koss. ......................................5

        2. Poly will suffer hardship and inequity if the case is not stayed..................7

        3. A short stay will conserve judicial resources..............................................8

    C. In the alternative, the case schedule should be adjusted to ensure that Poly's fully-ripe transfer motion is resolved before the *Markman* hearing and before further claim construction briefing takes place. ...........................................8

IV. CONCLUSION.........................................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Apple Inc.*,
 979 F.3d 1332 (Fed. Cir. 2020) ................................................................................... *passim*

*Dwyer v. USAA Sav. Bank*,
 No. SA-17-CA-252-FB, 2017 WL 7805760 (W.D. Tex. Nov. 21, 2017) ................................5

*E-Watch, Inc. v. Lorex Canada, Inc.*,
 No. H-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ...............................................5

*In re EMC Corp.*,
 501 F. App'x 973 (Fed. Cir. 2013) ..........................................................................................4

*In re Google Inc.*,
 No. 2015-138, 2015 WL 5294800 (Fed. Cir. July 16, 2015) ..........................................4, 5, 7

*In re Horseshoe Ent.*,
 337 F.3d 429 (5th Cir. 2003) ...................................................................................................4

*In re SK hynix Inc.*,
 No. 2021-113, 2021 WL 321071 (Fed. Cir. Feb. 1, 2021) ...........................................1, 4, 7, 9

*McDonnell Douglas Corp. v. Polin*,
 429 F.2d 30 (3d Cir. 1980) ......................................................................................................8

*Neodron Ltd. v. Dell Techs. Inc.*,
 No. 1-19-CV-00819-ADA, 2019 WL 9633629 (W.D. Tex. Dec. 16, 2019) ............................5

*In re Nintendo Co., Ltd.*,
 544 F. App'x 934 (Fed. Cir. 2013) ..................................................................................1, 3, 9

*Sparling v. Doyle*,
 No. EP-13-CV-00323-DCG, 2014 WL 12489985 (W.D. Tex. Mar. 3, 2014) .....................6, 8

*Transmatic, Inc. v. Gulton Indus., Inc.*,
 180 F.3d 1343 (Fed. Cir. 1999) ...............................................................................................6

*Underwater Devices Inc. v. Morrison-Knudsen Co.*,
 717 F.2d 1380 (Fed. Cir. 1983), *overruled on other grounds*,
 *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007) ......................................................6

**Statutes**

28 U.S.C. § 1404(a) .........................................................................................................................1

**I.      INTRODUCTION**

Defendants Plantronics, Inc. and Polycom, Inc. (collectively, "Poly") respectfully move for a short stay of all non-venue-related proceedings in this litigation pending the Court's ruling on Poly's Motion to Transfer Venue Under 28 U.S.C. § 1404(a), which is fully briefed and ripe for resolution. *See* ECF Nos. 29 (Motion), 30-2 (Opposition), 31 (Reply). In the alternative, Poly respectfully moves for a continuance of the upcoming *Markman* hearing, and all related claim construction deadlines, until after the Court has resolved Poly's transfer motion.

Applying Fifth Circuit law, the Federal Circuit has made clear that "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case." *In re Nintendo Co., Ltd.*, 544 F. App'x 934, 941 (Fed. Cir. 2013). Thus, when a transfer motion is pending, a trial court should "stay all proceedings concerning the substantive issues of the case and all discovery until such time that it has issued a ruling on the motion." *In re SK hynix Inc.*, No. 2021-113, 2021 WL 321071, at *2 (Fed. Cir. Feb. 1, 2021).

In this case, the Court is currently scheduled to hold a *Markman* hearing on April 22, 2021, and Poly's principal claim construction brief is due in less than three weeks, on March 12, 2021. ECF No. 28 at 3. "[A] *Markman* hearing and claim construction order are two of the most important and time-intensive substantive tasks a district court undertakes in a patent case." *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020). This litigation should thus be stayed to ensure that the Court has the opportunity to rule on Poly's transfer motion—which "should unquestionably take top priority"—before the Court or the parties expend further resources on claim construction or any other substantive issues. *Id*. at 1337.

A short stay pending resolution of Poly's transfer motion would not prejudice Koss, whereas proceeding toward the *Markman* hearing before ruling on Poly's transfer motion would prejudice Poly by requiring it to expend time and resources litigating substantive issues in a

1

venue that the Court may ultimately agree is inconvenient. Moreover, staying the case will conserve judicial resources by avoiding the risk that this Court will consider claim construction issues for a case that will go to trial in a different venue.

The Court should thus grant a short stay pending resolution of Poly's transfer motion. At a minimum, the Court should grant a short continuance of the upcoming *Markman* schedule.

## II.   BACKGROUND

On December 18, 2020, Poly filed a timely motion to transfer venue to the Northern District of California ("NDCA"). ECF No. 29. As Poly's motion explained, NDCA is clearly a more convenient forum for this litigation than the Western District of Texas, where no party is based. *Id*. at 2–3. The accused products were designed and developed in NDCA, where relevant sources of proof remain. *Id*. at 8–9. Moreover, unlike this District, courts in NDCA have subpoena power over one of the named inventors and at least four non-party witnesses who are former employees of Poly and led the development of the accused products. *Id*. at 10–12. By contrast, no relevant documents or witnesses are in this District. *Id*. at 9–15.

Following Poly's motion, Koss engaged in venue discovery by serving interrogatories on Poly and noticing the depositions of witnesses who filed declarations in support of Poly's motion. After Poly answered Koss's interrogatories and Koss deposed Poly's declarants, the parties agreed that venue discovery was complete, and agreed on a briefing schedule that tracks this Court's November 19, 2020, Standing Order Regarding Venue and Jurisdictional Discovery Limited for Patent Cases. Pursuant to the parties' agreement, Koss filed its opposition to Poly's transfer motion on February 12, 2021 (ECF No. 30)—two weeks after venue discovery closed— and Poly filed its reply one week later on February 19, 2021 (ECF No. 31). Poly's transfer motion is thus fully briefed. Concurrently with this motion to stay, Poly is requesting a hearing

or teleconference on Poly's transfer motion at the Court's earliest convenience, and is further requesting an expedited briefing schedule for this motion to stay.

On February 19, 2021—the same day that Poly filed its reply in support of its transfer motion—Koss filed its opening claim construction brief. ECF No. 32. Under the Court's Scheduling Order, the remainder of claim construction briefing and the *Markman* hearing are set for the following dates, with fact discovery opening the day after the hearing:

| DATE | EVENT |
|---|---|
| March 12, 2021 | Defendant files Responsive claim construction brief. |
| March 26, 2021 | Plaintiff files reply claim construction brief. |
| April 9, 2021 | Defendant files a Sur-Reply claim construction brief. |
| April 14, 2021 | Parties submit Joint Claim Construction Statement.<br>See General Issues Note #8 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| April 15, 2021 | Parties submit optional technical tutorials to the Court and technical adviser (if appointed). |
| April 22, 2021 | *Markman* Hearing at 9:00 a.m. |
| April 23, 2021 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |

ECF No. 28 at 3.

### III. ARGUMENT

    **A. A stay is needed because Poly's motion to transfer, which is fully ripe, must take "top priority" before any substantive issues in the case are addressed.**

"Although district courts have discretion as to how to handle their dockets, once a party files a transfer motion, disposing of that motion should unquestionably take top priority." *In re Apple*, 979 F.3d at 1337. The Fifth and Federal Circuits have repeatedly held that "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of the case." *In re Nintendo*, 544 F. App'x at 941; *see also In re Horseshoe Ent.*, 337

F.3d 429, 433 (5th Cir. 2003) (holding that "motion to transfer . . . should have taken a top priority"); *In re EMC Corp.*, 501 F. App'x 973, 975 (Fed. Cir. 2013) (emphasizing the "importance of addressing motions to transfer at the outset of litigation").

The reason for this requirement is straightforward: Resolving the threshold matter of venue before addressing the merits of the case "prevent[s] the waste of time, energy, and money and . . . protect[s] litigants, witnesses and the public against unnecessary inconvenience and expense, when defendants are forced to expend resources litigating substantive matters in an inconvenient venue." *In re Google Inc.*, No. 2015-138, 2015 WL 5294800, at *1 (Fed. Cir. July 16, 2015) (quotation omitted). "To undertake a consideration of the merits of the action is to assume, even temporarily, that there will be no transfer before the transfer issue is decided." *In re Apple*, 979 F.3d at 1337 (quotation omitted). Accordingly, "[j]udicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected." *Id*. (quotation omitted).

A stay is the appropriate mechanism to ensure that parties are not "required . . . to proceed ahead with the merits" while a transfer motion is pending. *In re SK hynix*, 2021 WL 321071, at *1. In *SK hynix*, for example, the Federal Circuit granted mandamus "to the extent that the district court must stay all proceedings concerning the substantive issues of the case and all discovery until such time that it has issued a ruling on the [transfer] motion." *Id*. at *2. Among the reasons for staying the case was the "upcoming *Markman* hearing," *id*., which the Federal Circuit has emphasized is one of "the most important and time-intensive substantive tasks a district court undertakes in a patent case." *In re Apple*, 979 F.3d at 1338.

Here too, the Court and the parties are on the verge of engaging in "time-intensive, substantive" work for the upcoming *Markman* hearing scheduled for April 22, 2021—including

4

Poly's principal claim construction brief that is due on March 12, 2021. *Id.*; ECF No. 28 at 3. Now that Poly's transfer motion is fully briefed, a stay is needed to "protect [Poly] . . . against unnecessary inconvenience and expense" from litigating claim construction issues in this District. *In re Google*, 2015 WL 5294800, at *1.

> **B.    All relevant factors favor granting a short stay pending the Court's resolution of Poly's fully-ripe motion to transfer.**

The Federal Circuit's instruction to stay the substantive portion of a case pending resolution of a transfer motion is consistent with the Court's inherent powers and the discretionary factors that courts generally consider in evaluating motions to stay. This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Dwyer v. USAA Sav. Bank*, No. SA-17-CA-252-FB, 2017 WL 7805760, at *1 (W.D. Tex. Nov. 21, 2017) (quoting *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). "In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources." *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019). Here, all three factors favor a stay.

> **1.    A short stay will not cause any prejudice to Koss.**

First, a temporary stay will not prejudice Koss. The proposed stay is limited to the time required to resolve Poly's pending transfer motion, which is fully briefed and ripe for resolution. ECF Nos. 29, 30-2, 31. There is no reason to believe that such a stay would delay the trial date in the event that venue remains in this Court. Regardless, "the mere fact of a delay alone does not constitute prejudice sufficient to deny a request for stay." *E-Watch, Inc. v. Lorex Canada, Inc.*, No. H-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013); *see also Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489985, at *3 (W.D. Tex. Mar. 3, 2014)

5

(granting stay and finding "a one to two month delay . . . to render a decision on transferability" raises only "a minimal likelihood of prejudice if a stay is granted").

Any delay is especially unlikely to prejudice Koss because Koss does not purport to sell any products that practice the patented technologies.  According to Koss's complaint, "the economic reality of Koss's market position did not permit it to bring its [allegedly patent-practicing] Striva-based product vision to the masses."  ECF No. 1, ¶ 47.  Koss's complaint blames "events abroad" and its "reliance on sales into those foreign countries" for its inability to market the allegedly embodying products.  *Id*.  Thus, Koss does not purport to compete with Poly on products that embody the patented technologies.  Nor is Poly's alleged infringement the cause of Koss's inability to market such products.

Tellingly, Koss is only seeking money damages in this case and does not allege any entitlement to injunctive relief.  *Id*. at 25–26.  There is thus no basis for Koss to allege any irreparable harm from a delay to this case.  Even if Koss could prove that a stay would result in some economic hardship—which is extremely unlikely given that Poly only seeks a short stay pending the Court's resolution of its transfer motion—Koss can be made whole if it succeeds on the merits by an award of prejudgment interest.  ECF No. 1 at 25; *see also Underwater Devices Inc. v. Morrison-Knudsen Co.*, 717 F.2d 1380, 1389 (Fed. Cir. 1983), *overruled on other grounds*, *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007); *see also Transmatic, Inc. v. Gulton Indus., Inc.*, 180 F.3d 1343, 1347–48 (Fed. Cir. 1999).

Accordingly, there is no potential prejudice to Koss as the non-moving party, which weighs in favor of granting a stay.  If anything, a stay may *benefit* Koss, which would not have to invest further time and resources in a venue that the Court may find to be improper, allowing Koss to conserve its resources for the transferee venue.

### 2. Poly will suffer hardship and inequity if the case is not stayed.

Second, in contrast to Koss, Poly will certainly be prejudiced if a stay is not entered. Poly's principal claim construction brief is due in less than three weeks, on March 12, 2021. ECF No. 28 at 3. Poly's sur-reply is due on April 9; the joint claim construction statement is due April 14; technical tutorials are due April 15; and Poly must prepare for the *Markman* hearing on April 22. *Id*. These claim construction deadlines are among "the most important and time-intensive substantive tasks" in a patent case. *In re Apple*, 979 F.3d at 1338. There is no question that Poly would be prejudiced by being "forced to expend resources litigating [such] substantive matters in an inconvenient venue." *In re Google Inc.*, 2015 WL 5294800, at *1. As the Federal Circuit recently confirmed, defendants should not be "required . . . to proceed ahead with the merits" after filing a transfer motion—particularly where, as here, the Court has scheduled an "upcoming *Markman* hearing." *In re SK hynix*, 2021 WL 321071, at *1–2.

The fact that Koss has already filed its opening claim construction brief does not change the result. Koss is already litigating in its venue of choice, so any investments it has made in the proceedings to date cannot be compared to the burden on Poly, which strongly believes this venue is inconvenient. Moreover, while purporting to address 11 disputed claim terms, Koss's opening claim construction brief is only 13 pages long and simply argues that every disputed term should have its "plain and ordinary meaning," with no elaboration. ECF No. 32. Poly's briefing will necessarily be more substantive and involve a greater burden.

It makes no difference that claim construction in this case is proceeding in tandem with related cases against Apple and Skullcandy. Like Poly, Apple has also moved to transfer to NDCA (and has moved to stay the case pending a decision on its transfer motion), and Skullcandy has moved to dismiss for improper venue. *See* C.A. No. 20-665, ECF Nos. 34, 35; C.A. No. 20-664, ECF No. 16. Thus, all defendants that are involved in the upcoming claim

7

construction proceedings have venue-related motions pending, which only reinforces the prejudice that would result if the litigation is not stayed.

### 3. A short stay will conserve judicial resources.

Third, a stay would clearly serve the interests of judicial economy. By staying the case, this Court will avoid "needlessly expending its energies familiarizing itself with the intricacies of a case that the transferee judge may have to duplicate" if the Court ultimately grants Poly's motion to transfer. *Sparling*, 2014 WL 12489985, at *4 (quotation omitted). "Judicial economy requires that another district court should not burden itself with the merits of the action until it is decided that a transfer should be effected and such consideration additionally requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit instead of considering it in two courts." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1980) (cited with approval in *In re Apple*, 979 F.3d at 1337). Here, in particular, a stay would avoid the possibility of having this Court consider claim construction disputes for a case that may ultimately be tried before a different court, which would be highly inefficient.

### C. In the alternative, the case schedule should be adjusted to ensure that Poly's fully-ripe transfer motion is resolved before the *Markman* hearing and before further claim construction briefing takes place.

Finally, even if the Court declines to enter a stay, Poly respectfully requests that the Court adjust the case schedule to ensure that Poly's transfer motion is decided before the Court or the parties expend further resources on claim construction or other substantive issues. At a minimum, the Court should postpone the *Markman* hearing, which is currently scheduled for April 22, 2021, until such time that the Court has ruled on Poly's transfer motion. ECF No. 28 at 3. Further, the Court should postpone all upcoming briefing and disclosure deadlines in connection with the *Markman* hearing, including Poly's responsive claim construction brief due

8

March 12, 2021, Koss's reply claim construction brief due March 26, 2021, Poly's sur-reply claim construction brief due April 9, 2021, the joint claim construction statement due April 14, 2021, and technical tutorials due April 15, 2021. *Id.* Modifying the schedule in this manner will ensure the Court has sufficient time to rule on Poly's transfer motion before claim construction, in line with the Federal Circuit's guidance discussed above. *In re SK hynix*, 2021 WL 321071, at *1–2; *In re Apple*, 979 F.3d at 1337–38; *In re Nintendo*, 544 F. App'x at 941.

Again, the fact that the current *Markman* schedule also applies to related cases involving other defendants, Apple and Skullcandy, does not change the analysis. As discussed above, Apple has also filed both a motion to transfer and a motion to stay, and Skullcandy has filed a motion to dismiss. *See* C.A. No. 20-665, ECF Nos. 34, 35; C.A. No. 20-664, ECF No. 16. Poly's undersigned counsel has confirmed that Apple and Skullcandy do not oppose a continuance of the *Markman* schedule pending resolution of all venue-related motions.

## IV. CONCLUSION

For the foregoing reasons, Poly respectfully requests that the Court stay all non-venue-related proceedings in this litigation—including the upcoming deadlines relating to claim construction (ECF No. 28 at 3)—pending the Court's resolution of Poly's Motion to Transfer Venue, which is fully briefed. ECF Nos. 29, 30, 31. In the alternative, Poly respectfully requests that the Court postpone the upcoming *Markman* hearing and all related briefing and disclosure deadlines until after the Court's ruling on Poly's transfer motion.

DATED: February 23, 2021

Respectfully submitted,

*/s/ Katherine Vidal*
Katherine Vidal (admitted *pro hac vice*)
Eimeric Reig-Plessis (admitted *pro hac vice*)
WINSTON & STRAWN LLP
275 Middlefield Road
Menlo Park, CA 94025
Tel. (650) 858-6500
Fax (650) 858-6550
kvidal@winston.com
ereigplessis@winston.com

Samantha M. Lerner (admitted *pro hac vice*)
WINSTON & STRAWN LLP
35 W. Wacker Drive
Chicago, IL 60601
Tel. (312) 558-5600
Fax (312) 558-5700
slerner@winston.com

Katrina G. Eash (State Bar No. 24074636)
WINSTON & STRAWN LLP
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Tel. (214) 453-6500
Fax (214) 453-6400
keash@winston.com

COUNSEL FOR DEFENDANTS
PLANTRONICS, INC. AND POLYCOM, INC.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(i), I certify that counsel for Defendants conferred with counsel for Plaintiff on February 22 and 23, 2021, in a good-faith effort to resolve the matter presented in this motion. Counsel for Plaintiff stated that it opposes Defendants' motion.

*/s/ Katherine Vidal*
Katherine Vidal

## CERTIFICATE OF SERVICE

I certify that on February 23, 2021, a true and correct copy of DEFENDANTS' OPPOSED MOTION TO STAY, OR IN THE ALTERNATIVE, TO MODIFY CASE SCHEDULE, PENDING RESOLUTION OF DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) was electronically filed with the Clerk of the Court using the CM/ECF system, which sends notifications of such filing to all counsel of record who have consented to accept service by electronic means.

*/s/ Katherine Vidal*
Katherine Vidal
