# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| KOSS CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>PLANTRONICS, INC. and<br>POLYCOM, INC.,<br><br>    Defendants. | Case No. 6:20-cv-00663-ADA<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF KOSS CORPORATION'S OPPOSITION TO DEFENDANTS PLANTRONICS, INC. AND POLYCOM, INC.'S MOTION TO STAY, OR IN THE ALTERNATIVE, TO MODIFY CASE SCHEDULE, PENDING RESOLUTION OF DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a)**

**I.     INTRODUCTION**

Plaintiff Koss Corporation ("Koss") opposes Defendants Plantronics, Inc. and Polycom, Inc.'s (collectively, "Poly") Motion To Stay, or in the Alternative, to Modify Case Schedule, Pending Resolution of Defendants' Motion To Transfer Venue Under 28 U.S.C. § 1404(a) ("Motion," Dkt. 33). Poly's Motion lacks merit as the subject matter of approaching deadlines will be decided as a matter of law regardless of whether the case proceeds in Texas or California. Poly's request is futile because this Court and case are properly structured to move forward while other motions are pending and under evaluation. Poly's Motion fails as it does not meet the requisite factors: fails to demonstrate a lack of prejudice towards Koss, fails to identify any hardship or inequity that Poly will actually suffer, and fails to present evidence that any judicial resources will be conserved.

Poly's Motion should be denied.

**II.    BACKGROUND**

Koss properly filed a Complaint in this Court on July 22, 2020, a fact Poly does not contest. (Dkt. 1). Nearly five months after Koss' Complaint and on the last day possible, Poly filed its Motion to Transfer to the Northern District of California. (Dkt. 29). Contrary to this Court's established and well-reasoned practices, and contrary to the parties' agreed schedule in this case, Poly seeks a "short" stay of this action pending its motion to escape the jurisdiction of this Court. (Dkt. 33; Agreed Scheduling Order, Dkt. 28).

Poly is correct that case deadlines are approaching, but these are deadlines that Poly agreed to when the parties submitted the joint schedule. Particularly, Koss has already filed its opening claim construction brief, and Poly's responsive claim construction brief is scheduled to be filed March 12, 2021. A *Markman* hearing on this partially-completed briefing is currently scheduled for April 22, 2021 (Dkt. 28 at 2). Despite the relatively advanced stage of the proceedings (and

1

particularly because Poly now has the benefit of seeing Koss' claim construction arguments), Poly incorrectly classifies these case proceedings as requiring a stay with respect to the progression of this matter. The work Poly needs to perform for its responsive claim construction brief, and the remaining party efforts to prepare for the claim construction hearing, will be performed regardless of the jurisdiction and there is simply no reason to stay the instant proceeding. (Dkt. 32). Instead, staying this action will permit Poly to dodge this Court's schedule, will result in substantial prejudice to Koss, and will not save judicial resources.

### III.   LEGAL STANDARD

"Whether to stay a case falls within the Court's inherent discretional authority." *Neodron Ltd. v. Dell Techs. Inc.*, No. 1-19-CV-00819-ADA, 2019 WL 9633629, at *1 (W.D. Tex. Dec. 16, 2019) (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)). "Determining whether to issue a discretionary stay 'calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Id.* (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). "Ultimately, the proponent has the burden to 'make out a clear case of hardship or inequity in being required to go forward if there is even a fair possibility that the stay for which he prays will work damage to someone else.'" *Id.* (citing *In re Davis*, 730 F.2d 176, 178 (5th Cir. 1984) quoting *Landis*, 299 U.S. at 255).

In determining whether a stay is proper, a district court should consider, among other factors, (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial resources. *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, No. 1:17-CV-342-RP, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018).

### IV.   ARGUMENT

#### A.   The Balancing Of Considered Factors Demands The Motion Be Denied

Poly's request to stay this proceeding is a thinly-veiled attempt to circumvent properly filed

litigation in this district and delay the schedule to which the parties already agreed. Granting Poly's requested stay will prejudice Koss by denying prompt resolution of Koss' claims and a stay will not conserve any judicial resources. Further, Poly will not experience hardship or inequity if its Motion is denied; it will merely receive clarity by way of this Court's determination of an issue that will be determined, as a matter of law, wherever this case ultimately proceeds through the *Markman* process.

          1.        <u>Granting the Motion Will Prejudice Koss as the Non-Moving Party</u>

Koss is entitled to a speedy resolution to its claims. *Neodron Ltd.*, 2019 WL 9633629, at *2 ("extended delay would likely prejudice [Plaintiff's] interests in protecting its patents and an expeditious resolution to the litigation."). Any delay in this matter will cause Koss to be prejudiced; this prejudice is particularly acute where, as here, the *Markman* process has begun and Koss has already filed its opening claim construction brief. Poly presents no compelling arguments to address, let alone rebut, Koss' interest in protecting its intellectual property rights. Poly asserts that Koss will not be prejudiced by staying this matter because Koss does not purport to compete with Poly on products embodying the patents and, eventually, Koss may be made whole. (Dkt. 33 at 6). This is factually incorrect. Koss is a competitor of Poly. Koss was a pioneer in the headphone industry dating back to 1958 and continuously innovates in the headphone industry to this day. (*See* Complaint, Dkt. 1). If not for Koss and the technology covered by the Patents-in-Suit that Poly continues to infringe, Poly's current product offering would not (and could not) exist in their current form. For at least the reasons set forth in the complaint, Koss and Poly are, in fact, competitors.

Further, Poly's assertions that Koss has not expended resources litigating in this forum or may eventually be made whole are wrong. Poly has no insight into any pre-suit investigation undertaken by Koss, including the substantial time spent on its infringement contentions. What

Poly can certainly glean is an estimation of the magnitude of the resources Koss has expended in opposing the meritless venue transfer that Poly brought (including extensive factual depositions on several declarations that, it turns out, were made by witnesses without much knowledge at all) and in preparing and filing the claim construction brief per this Court's local rules.

### 2. Poly Will Not Suffer Harm Or Inequity As A Result Of Denying The Motion

Poly alleges hardship stemming from important looming deadlines in the first quarter of 2021. Again, Poly is misguided in this assertion. The looming deadlines to which Poly refers are its own responsive claim construction brief (which Poly is working on with a group of other defendants and that responds to Koss's timely filed brief, which Poly will have had for some time), any tech tutorials, and the forthcoming *Markman* hearing. Poly is required, regardless of jurisdiction, to participate in these activities and any work Poly will undertake in this jurisdiction will be the exact same work it needs to perform were the case instead in California. Thus, if this case is stayed, Poly will not eliminate any expense of resources, as all resources would need to be expended regardless of where they are spent.

Further, Poly has assuredly (given the proximity to the responsive claim construction brief due date) already started devoting resources to these matters, and its work with the other similarly-scheduled defendants is undoubtedly underway.

While Poly continues to maintain that this case should be transferred to the Northern District of California, Poly has failed to meet its burden to show how it experiences any, let alone the requisite "clear," hardship or inequities. *Neodron Ltd.*, 2019 WL 9633629, at *2 ("In light of the possibility of harm to [the Plaintiff], Defendants must show a clear hardship or inequity should the case proceed.") (emphasis added). Balancing the extreme prejudice to Koss and lack of attendant hardship to Poly strongly favors denial of the Motion.

3.  <u>Granting The Motion Will Not Preserve Judicial Resources</u>

Granting the Motion will not save judicial resources. Poly alleges that a stay is required to prevent the court from needlessly expending energy while it considers Poly's Motion to Transfer. Instead, Poly's Motion improperly attempts to equate its own resources, as an infringer of Koss' patents, with this Court's resources; contrary to what Poly may wish, judicial economy is not the same as party economy. Poly has a presence in Texas and it cannot hide from positions (including claim construction and its invalidity defense), nor can it argue that Poly resources that will be expended on claim construction somehow mean that this factor favors a stay.

The Western District of Texas is the proper venue to hear the merits of this case. (Complaint, Dkt. 1 at ¶¶ 10–13). The forward progress in the case coupled with the fact that claim construction occurs as a matter of law supports denying the stay. *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 384–85 (1996) (holding that construing a patent is a question of law to be determined by the court). Indeed, denying the stay is the proper course of action to conserve judicial resources. Regardless of the ultimate jurisdiction to hear this case, delaying events in this Court merely delays work that will eventually be done, and, therefore, unjustifiably delays all actions related to this matter.

**B.  <u>Adjusting the Case Schedule is Improper Because of the Prejudice to Koss, Lack of Prejudice to Poly, and Will Not Preserve Judicial Resources</u>**

In an effort to extend the time it has to construct and develop its own claim construction positions with Koss's opening brief in hand, Poly argues that alternately to a stay of this case, it is proper to postpone the *Markman* deadlines for this Court to consider its Motion to Transfer. To "postpone" is synonymous to "stay" and to stay this matter for such a reason would be improper. The upcoming claim construction due dates and corresponding *Markman* hearing are to assist in the determination of a legal matter that is district agnostic, as the law does not change between

Texas and California (or any other venue, for that matter). *Markman*, 517 U.S. at 384–85 (holding that construing a patent is a *question of law* to be determined by the court). Further, denying the Motion will actually save judicial resources because claim construction will be complete upon such a time when the patent infringement case is decided on its merits, regardless of jurisdiction. *Lighthouse Consulting Grp., LLC v. Ally Fin. Inc.*, No. W-19-CV-00592-ADA, 2020 WL 6365538, at *1 (W.D. Tex. Mar. 25, 2020) ("this Court does not typically grant stays.").

Granting the motion will only further delay resolution of Koss' infringement claims. Denying the stay would allow both Koss and Poly to obtain a timely and complete resolution of infringement, invalidity, and damages issues.

### V.     CONCLUSION

Koss strongly opposes the stay and requests that this Court properly recognize Koss' right to adjudication of its meritorious infringement claims. The fact that approaching deadlines must occur as a matter of law (and should not vary by jurisdiction) in combination with the prejudice to Koss, lack of hardship and inequity to Poly, and failure to preserve judicial resources necessitates the denial of Poly's Motion.

Dated:  March 2, 2021                                 Respectfully submitted,

*/s/ Darlene F. Ghavimi*
Darlene F. Ghavimi
Texas Bar No. 24072114
**K&L GATES LLP**
2801 Via Fortuna, Suite #350
Austin, TX 78746
Tel: (512) 482-6800
Fax: (512) 482-6859
darlene.ghavimi@klgates.com

Jim Shimota (admitted pro hac vice)
Benjamin E. Weed (admitted pro hac vice)
Philip A. Kunz (admitted pro hac vice)

Erik J. Halverson (admitted pro hac vice)
Gina E. Johnson (admitted pro have vice)
**K&L GATES LLP**
70 W. Madison Street, Suite 3100
Chicago, IL 60602
Tel: (312) 372-1121
Fax: (312) 827-8000
jim.shimota@klgates.com
benjamin.weed@klgates.com
philip.kunz@klgates.com
erik.halverson@klgates.com
gina.johnson@klgates.com

Peter E. Soskin  (admitted pro hac vice)
**K&L GATES LLP**
4 Embarcadero Center, Suite 1200
San Francisco, CA 94111
Tel: (415) 882-8200
Fax: (415) 882-8220
peter.soskin@klgates.com

**ATTORNEYS FOR PLAINTIFF KOSS CORPORATION**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 2nd day of March, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notifications of such filing to the following:

Katherine Vidal
Eimeric Reig-Plessis
**WINSTON & STRAWN LLP**
275 Middlefield Road
Menlo Park, CA 94025
Tel. (650) 858-6500
Fax (650) 858-6550
kvidal@winston.com
ereigplessis@winston.com

Samantha M. Lerner
**WINSTON & STRAWN LLP**
35 W. Wacker Drive
Chicago, IL 60601
Tel. (312) 558-5600
Fax (312) 558-5700
slerner@winston.com

Katrina G. Eash
**WINSTON & STRAWN LLP**
2121 N. Pearl Street, Suite 900
Dallas, TX 75201
Tel. (214) 453-6500
Fax (214) 453-6400
keash@winston.com

                                                */s/ Darlene F. Ghavimi*
                                                Darlene F. Ghavimi